May it please the court, counsel. My name is Michelle Yard and I represent Jameelie Boston. In this case, the district court erred in denying Mr. Boston's 2255 Johnson motion by relying on the statute number and the judgment alone when the Shepard documents clearly demonstrated that Mr. Boston's disputed convictions were for Florida principal to robbery, an offense that is not a violent felony within the Armed Career Criminal Acts Elements Clause. Seems to me that our N. Ray Colon decision really forecloses the argument. There we held that conviction, a conviction for aiding and abetting a Hobbs Act robbery qualifies as a crime of violence under the Elements Clause. We did that because accomplice liability makes the aider and abetter liable for all the acts of the principal, of a principal. It seems to me that the same exact principle exists in Florida law. We wouldn't even have to get to Shepard documents. It seemed to me that if you have accomplice liability under Florida law, you're responsible every bit as if you were the principal. Am I missing something? Yes. In the federal courts, aiding and abetting liability has been interpreted in accord by the Supreme Court and by this court. In Roseman, the Supreme Court stated that an aiding and abetting conviction requires an act facilitating one or another element and a state of mind extending to the entire crime. This court in United States v. Roessner stated of the aider and abetter that it is necessary that the government show that the accused shared in the principal's criminal intent as to all of the necessary statutory elements of the just discussed. Cologne rested on that reasoning. However, Cologne cannot be extended to Mr. Boston's Florida principal offenses because that reasoning does not exist in Florida case law or statute where federal law expressly imputes all of the elements of an offense to a principal. Florida case law does not require proof of intent as to all of the necessary elements and does not impute. Florida has a broader theory of liability for principals. Florida law is demonstrated through the case law in effect at the time of Mr. Boston's conviction and the jury instructions explain the elements as they were understood at that time. Well, Hall v. State, 1981, the Florida Supreme Court says an aider and abetter is responsible for all acts committed by his accomplice in furtherance of the criminal scheme. The Florida statute says a principal is a person in the first degree whether he actually commits the crime or merely aids abets or procures its commission. So it's immaterial which kind of liability the indictment or information alleges. Ryan? Yes, Your Honor. However, it's my contention that based upon the Florida jury instruction in 1989 and the interpretation of the intent required in Florida as compared to the federal aider and abetter statute 18 U.S.C. 2 that they are fundamentally different and compatible when you compare them to the elements clause of the Armed Police Act. The Florida jury instruction in 1989 stated in Florida that to prove somebody was a principal offender, the state had to prove that the offender knew what was going to happen, intended to participate in the crime actively or by sharing an expected benefit, and was going to assist the perpetrator. And the case law interprets that to be doing or saying something that caused, encouraged, assisted, or incited the perpetrator to actually commit the crime. So Florida is overbroad as to the act required and the intent requirement compared to the federal statute which requires the principal to commit an act facilitating one or another element of the substantive offense and have a mind extending to the entire crime. In Florida, there is no overt act required by the principal offender. The only thing that the principal offender has to do is intend to participate in the crime actively or expect to share an anticipated benefit. And there is no state of that needs to extend to the entire crime. Also in Florida, aiders and abettors are held responsible for the reasonable consequences of their conduct that are foreseeable unless there's an independent act that breaks the chain. So at the time of Mr. Boston's principal conviction then, the least culpable act in Florida was merely encouraging an offense while merely expecting to participate in a benefit from that offense. The offense was far broader than its federal counterpart. I wanted to just shift for a moment while you're looking at your notes on the issue to the Beeman issue here. Whether there is evidence on the record that the district court relies solely on the residual cost, what do we look for? Your Honor, my contention is that given the landscape of Florida law at the time, it is clear that a principal in Florida was not held responsible for the element of force because the jury instruction did not require any intent or towards a force element of a principal to robbery offender in 1989. It wasn't until 1995 that Florida changed the principal jury instruction to even require a conscious intent that the offense be committed in Florida and the principal instruction. And therefore, at least until 1995 when Florida put a conscious intent that the offense be committed into their jury instruction, a principal to robbery offender could not have been considered under anything other than the residual clause. So a conviction under Florida principal to robbery could have only been applied under the residual clause in 1989 at the time of Mr. Boston's convictions. Alternatively, the district court expressly declined to address the Beeman issue in these court did not answer the question. I would ask that the case. So Florida robbery is a crime of violence, right? It is a violent felony, right? Categorically. Yes, Your Honor. A principal is charged and convicted as a principal that that conviction counts, right? Substantive conviction for Florida robbery is categorically a violent felony. A principal, um, if you're convicted as a principal to the Florida robbery, and I would contend that it is not. I don't know if I'm understanding the court's question. Okay, I just want to understand where you're coming from. The district court found that two of the prior convictions, even though they said principal to robbery, were actually for armed robbery. Was that finding clearly erroneous? Yes, Your Honor. That finding was clearly erroneous for a couple of reasons. One is that there are, for both of the disputed convictions, at least five Shepard documents in the appendix that expressly state that the conviction was principal to robbery. The government's argument is that because the judgment records only one of the two statute numbers that could be recorded for principal to robbery, that the conviction must be for substantive robbery. However, the recording of that statute number is superfluous. It's not required to be recorded under Florida law. And about the facts of those underlying crimes, would they have qualified as Your Honor, I'm over my time. You can answer. Did you repeat your question? Yeah, my question was the facts of those underlying crimes, would he have qualified for conviction of armed robbery as opposed to principal to armed robbery under Florida law? How about those two? The only Shepard document that we have that has any facts in it is the in the first defense, there were three offenders and one was alleged to have been armed, which was not Mr. Boston. The second shows that there were two offenders and one was alleged to have been armed, which was not Mr. Boston. But does he have to have been armed to be charged with armed robbery or to be convicted of armed robbery? No, but all we know is that somebody had to have been armed and present at the scene to be the principal, to be the actual perpetrator. And so we know that that person was not Mr. Boston. Okay, let's hear from the government. You've saved five minutes for rebuttal, Ms. Yard. May it please the court, Roberta Bodner for the United States. I'd like to start, if I may, with the Beeman issue because this is not a direct appeal. This is a second or successive section 2255 case. And to treat this case as addressing the issue of whether or not aiding and abetting a robbery today ought to qualify as the under the elements clause ignores the restrictions in section 2255 H2. This defendant should get relief only. We can decide this though far easier, can't we? I'm just saying the principle to robbery is categorically a violent felony, isn't it? You can, you can. Do you agree with that? I absolutely do, Your Honor. And I also absolutely agree that In re Cologne controls the decision. It's the same principle of law, isn't it? Yes, it is. In Florida law. It doesn't matter whether you're charged as a principal or not. In Florida law, the proof can go either way is what the Florida Supreme Court says, isn't that right? That's exactly right. If you're charged with a robbery. And if we want to decide this case in a way that makes this easier for district courts to administer them, isn't that the far easier way to decide? It is. It is easier, Your Honor. And if this, in my view, as opposed to just saying, well, you didn't establish it under your burden of proof and then we have to wait for the next case and the next case and the next case. I do agree that the court should reach the substantive questions. I absolutely do. And I think that those questions in this case are a no-brainer. Right. I do. But I also think that if this were a harder question on the elements clause, the procedural context would matter. Oh, that's true. And that ignoring that procedural context treats this as if it's a direct appeal and it's not. There is no case that says that aiding and abetting a robbery is somehow not a robbery. In Florida, if you're charged with a robbery and the evidence supports an aiding and abetting instruction, the instruction is given and if the evidence... Even if you weren't charged as principal. That's correct. That's correct. And... Works both ways. If you're charged as principal and you actually perpetrated it, you can be convicted as well. Well, under the principal statute, someone who is a perpetrator or an aider and abetter is a principal. They're all principals. That's what Potts says. Yes. And that was the law back in 1984 when the Armed Career Criminal Act was enacted. That was the law in 2007 when this defendant was sentenced and that is the law today. A defendant who is charged with an armed robbery and who aided and abetted the armed robbery is guilty of armed the firearm versus being not the person carrying the firearm. The distinctions in Florida law that depend on whether or not someone held the firearm, they all derive from another statute. The reclassification statute, which is 775-087, has nothing to do with Florida's theory of liability under the principal statute. And that's what a principal is. It's only a theory of liability. It of this entire case by holding that aiding and abetting an armed robbery is an armed robbery. Categorically. Categorically. To answer the question of whether or not the district court erred in concluding that two of the six convictions that she examined were convictions for robbery and not aiding and abetting a robbery. And that's the distinction that the court made. Robbery versus aiding and abetting a robbery. The court looked at these six convictions and they all came from the same circuit judge on the same day, September 29th, 89. The court looked at the judgments and the information. And if you look at the chart in our brief at page 19, we'd explain the differences between those documents. In the cases that she found were actually armed robberies, the judgments did not charge aiding and abetting. They said that the defendants together committed the robberies and during them a co-defendant held the firearm. They charged armed robbery under 812.13. They did not use the principal statute citation on either the judgments or the information. On the other four, the information charged Boston with aiding and abetting. And then on the judgments and in the information, the statute cited included 777.011. Other documents in the circuit court's file refer to the two convictions, the first two, as Boston having pled to a lesser included. I'm not sure that those are shepherd documents because they're not findings of the court regarding the character of the offense to which he pled. But even if they were, that notation by the clerk is not probative at all because aiding and abetting is not a lesser included of anything. It's just a theory of liability. These other documents, we included them in our 2255 response too and the other documents are relevant to prove all kinds of things including the fact that it is Boston who was convicted of the offenses described in the judgment. But those notations don't mean anything with respect to the character of the crime of which he was convicted. So the second question in the COA, whether the district court clearly erred. Which we don't have to answer if the first question, right? I can just look at my notes real quick and make sure that there isn't anything that the court, oh, defense counsel argued that Florida holds aiders and abettors responsible for the reasonable consequences of a crime. So does the federal government. We do. And Rosemont addresses that. Lots of cases do. Florida does require an act. It is a generic aiding and abetting description. And it always has. The only change made since 1957 in the principle statute was in 83 or 84 when Florida rewrote a whole bunch of statutes and renumbered them and they added a phrase that said the act was committed or the crime was committed or attempted to be committed. The Potts case discusses that because Potts makes the distinction that the actual perpetrator or the co-defendant need not have been convicted of the same offense as the aider and abettor. But there's never been any implication that a defendant aiding and abetting only had to intend the crime. He has to intend and also commit an act that he commits might be encouragement or words. Certainly that was the case in the Connelly case we cited where an FBI agent incited a couple of informants to kill another informant. Those were words. But that doesn't mean that all he has to do is be a cheerleader and want the crime to be committed. He has to actually commit an act. Unless the court has other questions, I'd ask the court to affirm. Thank you. Ms. Yarn? Your Honor, in the Connelly case that the government was just talking about, I would point out that that was in 2015. That was under the new jury instruction where there were different requirements than at the time of Mr. Boston's conviction. The government's intention that there had to be an act. Again, it was a different instruction. Mr. Boston should be considered under the elements that were in play at the time of his conviction. Rosemond is not comparable to Florida's foreseeability analysis. Rosemond was saying that somebody can only be held responsible for the crimes that they specifically agreed to and did foresee, such that if somebody was not aware that their co-perpetrator was going to be having the use of a firearm and bringing a firearm, that they could not be held responsible for the 924C conviction. Rosemond does not do what Florida does, which says that if you agree to a robbery and your co-defendant then does a murder and a carjacking and escaping that robbery, you are responsible because you should have been able to foresee that coming. Florida's foreseeability analysis is not akin at all to what Rosemond says. That Mr. Boston pled to the lesser included offense indicates that Florida treats principles differently and that the court and everybody there saw it that way. The government argues now and argued in its brief that Florida misapplied Florida law. Florida courts control the interpretation of Florida state law. Florida looks at principle offenses differently than substantive offenses. In Florida, you are not deemed as a matter of law to have committed the elements of your co-perpetrators. There is no case law in Florida that states that principles are deemed to have treated as having committed all of the acts, like in federal. For instance, the Florida Supreme Court and the Florida legislature do not impute actual possession of a firearm to a principal. Federal court does. Yet, the Florida legislature does precisely that when it enacted the forfeiture legislation in Florida in Florida statute 932-7012A and Florida statute 831.033. Given the language in those statutes, it is evident that the Florida legislature recognizes . . . I'm reading 777.011 of the Florida statutes. Whoever commits any criminal offense against the state or aids, abets, counsels, hires, or otherwise procures such offense to be committed and such offense is committed or is attempted to be committed is a principal in the first degree and may be charged, convicted, and punished as such. That looks a lot like 18 U.S.C. 2A. Then when I look at Hall versus State from the Supreme Court of Florida, it says an aider and abetter is responsible for all acts committed by his accomplice in furtherance of the criminal scheme. It describes principal liability exactly the same way as federal law. What am I missing? Your Honor, you're missing that a prosecutor in federal court has to prove all of the elements that an aider and abetter had the intent of all of the elements of the substantive offense. In Florida, that is not required. And so to hold that an aider and abetter responsible for the element of force to apply the ACCA enhancement would violate due process when the aider and abetter may have merely encouraged somebody, as in the case cited by the government, and have hoped to have shared in a benefit and nothing more. Whereas a federal aider and abetter had to facilitate the offense and have shared in the intended element of force. Thank you, Ms. Yard. We have your case. We're in recess until tomorrow.